SILVIA R. MUÑIZ ET AL., Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 1660. Argued July 8, 1946.—Decided July 22, 1946.

*Mario Báez García* and *José M. Ramírez de Arellano* for petitioners. *Ildefonso Reyes* for interveners, defendants in the main action.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The petitioners filed an action of unlawful detainer against Lydia Quiñones and her husband Federico Gregory in the Municipal Court of San Germán. At the preliminary hearing defendants, besides answering the complaint, filed a motion seeking the nullity of the summons and its service. They offered documentary evidence and stipulated together with the plaintiffs that this did not mean they were waiving their challenge to the summons. A trial was held and the court overruled the legal question raised and at the same time dismissed the complaint. The plaintiffs appealed to the District Court of Mayagüez. The defendants again challenged the summons and offered their evidence at the preliminary hearing. At the second hearing defendants' motion was argued and the court granted it and declared that it lacked jurisdiction on appeal to take cognizance of the case because the municipal court had originally lacked said jurisdiction. In order to review this decision we issued the writ of certiorari herein.

Defendants' motion for nullity is based on the following grounds:

"That the summons and its service are null and void because the return of said summons does not contain the caution provided by § 5 of the Unlawful Detainer Act, to the effect that if defendants fail to appear, to answer the complaint in writing, either in person or by lawful agent, judgment of unlawful detainer will be entered against them without further summons or hearing."

The summons challenged by the defendants in the unlawful detainer case clearly cautioned them of the consequences of failing to appear at the preliminary hearing. The summons textually reads as follows:

"To the aforesaid defendants, Lydia Quiñones and her husband Federico Gregory:

"You ARE HEREBY summoned, required, and notified that the Court has set the preliminary hearing to be held on April 3, 1946, at 9:30 A.M. pursuant to the provisions of the Unlawful Detainer Act, and *you are cautioned that if you fail to appear, on said day and at said hour, either in person or by lawful agent, judgment of unlawful detainer will be entered against you without further summons or hearing,* in accordance with the prayer of the complaint, a copy of which is now served on you and you are further notified that plaintiffs' counsel is attorney Mario Báez García, with offices on the second floor of the Radio Center Building in Mayagüez, Puerto Rico, on whom you should serve your answer to the complaint." (Italics ours.)

The order for appearance issued by the court also contained the same notice.

The marshal's return literally copied reads thus:

"I, Ricardo Marty, Jr., Marshal of the Municipal Court of San Germán, Puerto Rico:

"Do HEREBY CERTIFY:—That I received this summons at 3 o'clock P.M. on March 25, 1946, and that I served the summons personally at 5:15 and at 5:30 P.M. on March 25, 1946, on Federico Gregory and Lydia Quiñones, respectively, defendants mentioned in said summons, delivering to them and leaving in their possession, personally, at their residence in Dr. Veve Street, San Germán, P. R., *a true and faithful copy of said summons, of the complaint, and of the process* issued by the Judge, having stated under my signature on the back of the copy of the summons delivered, the place and date of its delivery and service." (Italics ours.)

The second paragraph of § 5 of the Unlawful Detainer Act (Section 624 of the Code of Civil Procedure) provides that: "When summoning the defendant he shall be cautioned that in case of failure to appear, either in person or by lawful agent, judgment of unlawful detainer will be taken against him without further summons or hearing."

Defendants argue that since the marshal's return does not contain he caution, the summons is void. They rely on

*Andino* v. *Canales* 26 P.R.R. 122.[1] We are of the opinion that that case is easily distinguished from the one at bar. We have examined the original record of the former case and found that not only was the marshal's certificate silent as to the caution but also that the summons itself failed to contain any notice, and it was decided that:

"We understand that a mere irregularity does not vitiate the summons and in support of this we refer to the doctrine laid down in the cases of *Serrano* v. *Berdiel et al.*, 22 P.R.R. 416, and *Llorens* v. *Castillo*, 22 P.R.R. 624, but the omission of the caution prescribed by clause 2 of section 5 of the Unlawful Detainer Act is a material defect *which voids the summons* because it deprives the defendant of his right to be informed of what may occur in case he should fail to appear." (Italics ours.)

In *López* v. *Meléndez*, 22 P.R.R. 145, cited with approval in the *Andino* case, *supra* it was decided that a notice in the summons to the effect that "should you not appear at said session to file allegations, the case will proceed throughout its course without further notice or hearing until proper judgment is rendered" was sufficient and, therefore, that the summons was not void in spite the fact that the marshal upon making service did not state that he had cautioned the defendants.

In *Stella* v. *District Court*, 41 P.R.R. 632, the validity of a summons containing the caution was upheld notwithstanding the fact that the marshal did not state in his return that

---

[1] In this case it was stated on page 124:

"In order that a defendant may be subjected to the jurisdiction of the court it is necessary that he be summoned in the manner prescribed by law, and also that a return be made to the court showing that the summons was so served and that the requirements of the statute were duly complied with, without prejudice to the provision of section 98 of the Code of Civil Procedure. *Orcasitas* v. *Márquez et al.*, 19 P.R.R. 454."

In *Orcasitas* v. *Márquez*, from which case this paragraph was copied verbatim what we decided was that the service of summons had not been certified as provided by § 92 of the Code of Civil Procedure and that in order that a minor may be brought within the jurisdiction of a court, he must be summoned personally. Service of summons upon the guardian of a minor is not sufficient.

he had made said caution. This was a case of maintenance and support, the proceedings of which are governed by the Unlawful Detainer Act.

We have not found a single case in our decisions construing subdivision 2 of § 5 of the Unlawful Detainer Act, *supra,* which decides that the marshal must state in his return that he orally cautioned defendants at the moment of delivering the summons, where the latter actually contains the caution required by law.

The order for appearance and the summons are the ones that should contain the caution and in the case at bar, as we have seen, the order issued by the court as well as the summons served on the defendants with their copy of the complaint, expressly stated that "you are cautioned that if you fail to appear, on said day and at said hour, either in person or by lawful agent, judgment of unlawful detainer will be entered against you without further summons or hearling, . . ." Consequently, the municipal court acted with jurisdiction and the lower court had also jurisdiction on appeal to take cognizance of the case.

The decision under review must be set aside and the case remanded for further proceedings.